**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert Manuel PHILLIPS, Sr.,
Defendant–Appellant.**

**No. 93–3373.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1994.

Decided May 5, 1994.

* The HONORABLE DANIEL M. FRIEDMAN, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

Dean Stowers, Des Moines, IA, argued, for appellant.

Gary L. Hayward, Des Moines, IA, argued, for appellee.

Before LOKEN, Circuit Judge, FRIEDMAN,* and JOHN R. GIBSON, Senior Circuit Judges.

PER CURIAM.

Accountant Robert Manuel Phillips pleaded guilty to two counts of mail fraud after embezzling over $4,500,000 from pension funds, elderly clients, and other victims to finance his penchant for gambling. He appealed his fifty-seven month sentence but later withdrew that appeal. He then filed this petition for post-conviction relief under 28 U.S.C. § 2255, arguing that trial counsel provided ineffective assistance in persuading Phillips to abandon a meritorious appeal. Phillips now appeals the district court's[1] denial of that petition. We affirm.

At sentencing, over Phillips's objections, the district court assessed him two-level enhancements for abusing a position of trust, *see* U.S.S.G. § 3B1.3, and for knowingly targeting a vulnerable victim, *see* U.S.S.G. § 3A1.1. Though the government had not urged an upward departure, the district court also gave Phillips notice that it might depart upward because his victims had suffered extreme psychological injury. *See* U.S.S.G. § 5K2.3.

1. The HONORABLE CHARLES R. WOLLE, Chief Judge of the United States District Court for the Southern District of Iowa.

The district court ultimately determined that it could not depart upward because, while Phillips's victims had suffered greatly, they had not suffered much more serious psychological injury than other vulnerable victims of an abuse of trust. The court imposed a sentence of fifty-seven months in prison, the top of Phillips's guidelines range, and three years of supervised release. It also ordered Phillips to pay restitution in the amount of $3,883,445.73 to thirty victims. When Phillips advised that he would appeal, the district court stated:

> One reason I believe I do not have the authority to depart is because the matter of vulnerability of victims and the matter of ... this position of trust ... have already been taken into account when the guidelines provided for more severe sentences for those two issues. If either one or both were found by the Court of Appeals not satisfied here and I should not have taken them into account, then I believe there would be even more reason for a departure.

Phillips did file a notice of appeal, but after protecting the right to appeal, his attorney advised Phillips to withdraw the appeal, and he agreed. As counsel explained at the § 2255 hearing:

> I believed that the Eighth Circuit would probably affirm the Court's ultimate ruling with respect to my [sentencing] objections, and ... in the event that the Eighth Circuit ... reversed and remanded the case for [re]sentencing ... the [District] Court, because of the nature of the offense, could and might instruct the probation office to develop ... facts that relate to upward departure and specifically section 5K2.3 of the sentencing guideline[s].

A Withdrawal of Notice of Appeal signed by both Phillips and his attorney was filed with this court, and we dismissed the appeal pursuant to Fed.R.App.P. 42(b).

On this appeal from the denial of postconviction relief, Phillips asserts that his trial counsel's advice to withdraw the direct appeal was based upon the district court's comments at sentencing about the likelihood of an upward departure if this court reversed either or both of the sentence enhancements.

Phillips argues that counsel was ineffective in giving credence to comments that "chilled his appeal right and, if fulfilled, would have violated the prohibition of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072 [23 L.Ed.2d 656] (1969)." We disagree. The district court did not threaten Phillips with a greater sentence if he successfully appealed. Rather, the court correctly noted that the sentencing issues of enhancement and upward departure were interrelated, and consequently a reversal of one might trigger a reopening of the other. Thus, counsel properly took the court's caution into account in advising Phillips regarding the appeal.

After careful review of the record, we agree with the district court that Phillips's decision to withdraw his appeal was not the product of ineffective assistance of counsel. Accordingly, the judgment of the district court is affirmed.